An estoppel is the conclusion of the truth; it is, therefore, not to be favored, and it arises from solemn act, either of the party or of a jury or any other tribunal appointed by law to ascertain facts. Which, when once thus solemnly fixed, are forever conclusive on the parties and privies in all controversies between them. For estoppels are mutual, and where there is no mutuality there can be no estoppel. But it is the fact which the party is thus precluded from controverting, not the law. Facts being in themselves uncertain, (559) and resting in the knowledge of the parties, and to be shown by testimony, when once this solemn acknowledgment is made or found in manner aforesaid, it is ever after received as the real truth of the case, there being no touchstone by which the absolute truth can be ascertained, and also that there may be an end of litigation. But the law acts not upon the acknowledgment of the party; it is an open, notorious, and public rule. It is the same between A. and B. as it is between B. and C. No acknowledgment of the party can alter or change it, or preclude them at all times from insisting on its due administration. Thus, if A. bargain and sell to B. by indenture, he thereby affirms that he had title when he executed the deed, and should A. not have title at the time, but afterwards acquire one in an action brought by him against B., B.'s title prevails not because A. passed to him any title by his deed, for he had none then to pass, but because A. is precluded from showing that fact. But if a person through consideration of natural love and affection give lands to a stranger or to an illegitimate child, he may recover those lands of the stranger or the child, for to do so he controverts no fact affirmed in the deed, for they may all be admitted to be true, and yet the title to remain where it was, for the facts therein affirmed are not sufficient to pass the title for the want of a consideration. This is matter of law and will so be declared by the Court, notwithstanding any declarations in the deed by the party that the deed shall be effectual to pass the estate. In the case now under consideration the defendant controverts no fact in the bill of sale to the plaintiffs, but he insists that the fraudulent intention of the father, combined with the consideration moving from him, makes the slave in *Page 313 
question the property of the father as to purchasers and creditors. This is mere inference of law from the facts. The party cannot be estopped from showing the law.
PER CURIAM. No error.
Cited: Pass v. Lee, 32 N.C. 414; Cuthrell v. Hawkins, 98 N.C. 205;Hallyburton v. Slagle, 113 N.C. 955.
(560)